IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02530-BNB

VERYL BRUCE SCAIFE,

    Applicant,

v.

FRANCIS FALK, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER OF DISMISSAL

---

    Applicant, Veryl Bruce Scaife, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the correctional facility in Limon, Colorado. On September 21, 2012, Mr. Scaife filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his conviction in El Paso County District Court Case No. 99CR1001. ECF No. 1 is an example of the convention the Court will use throughout this order to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF). Mr. Scaife paid the $5.00 filing fee in a habeas corpus action.

    On September 24, 2012, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On November 16, 2013, after being granted

an extension of time, Respondents submitted their pre-answer response (ECF No. 10). On December 19, 2012, after being granted an extension of time, Mr. Scaife filed a reply (ECF No. 13).

The Court must construe Mr. Scaife's filings liberally because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

Mr. Scaife was convicted by a jury on April 7, 2000, in El Paso County District Court Case No. 99CR1001 of first-degree murder, felony murder, three counts of attempted first-degree murder, three counts of second-degree kidnapping, three counts of aggravated robbery, two counts of attempted aggravated robbery, two counts of conspiracy, one count of first-degree assault, one count of second-degree assault, one count of illegal discharge of a firearm, one count of first-degree trespass, six counts of felony menacing, one count of vehicular eluding, and one count of crime of violence. ECF No. 10 (pre-answer response), ex. A (state court register of actions) at 33-34. On July 14, 2000, the trial court sentenced Mr. Scaife to the DOC for a term of life without parole plus 578 years. *Id.* at 32; see also ECF No. 10, ex. G (opening brief) at 6-7.

On June 20, 2002, the Colorado Court of Appeals affirmed the judgment of conviction, but remanded the case for correction of the mittimus to reflect a single murder conviction. ECF No. 10, ex. I (*People v. Scaife*, No. 00CA1540 (Colo. Ct. App. June 20, 2002) (not published)) at 2-3. On December 24, 2002, the Colorado Supreme Court denied certiorari review. ECF No. 10, ex. A at 29.

On January 24, 2003, Mr. Scaife filed motions to vacate void judgment, vacate conviction and sentence, and for appointment of counsel. ECF No. 10, ex. A at 29. The trial court appointed the public defender to represent Mr. Scaife, then appointed conflicts counsel when the public defender withdrew. ECF No. 10, ex. A at 28. New counsel filed two supplements, ECF. No. 10, exs. C and D, to Mr. Scaife's *pro se* motion, ECF No. 10, ex. B (Motion to Vacate Void Judgement [sic] Pursuant to Rule 35(c)), and the trial court ordered responses from the prosecution. ECF No. 10, ex. A at 26-27. On August 17, 2005, the trial court denied Mr. Scaife's motions to vacate the judgment and his conviction and sentence. *Id.* at 26.

After entry of the August 17, 2005, order, Mr. Scaife continued to pursue postconviction relief, both in the trial court and in the Colorado Supreme Court through an original proceeding, and he continued to be represented by counsel, who participated in a hearing held on April 4, 2007. ECF No. 10, ex. A at 23-26. Mr. Scaife waited over two years, until November 9, 2007, to appeal from the August 17, 2005, order. ECF No. 10, ex. A at 22.

On January 11, 2008, while Mr. Scaife's 2007 appeal was pending, the trial court denied all remaining postconviction claims that were pending. ECF No. 10, ex. A at 20 (*see* docket entry as of February 10, 2009). On February 10, 2009, in response to a January 22, 2009, remand from the Colorado Court of Appeals to clarify whether the order of January 11, 2008, fully litigated the postconviction claims of juror misconduct and ineffective assistance of counsel, the trial court determined it had done so. *Id.* On May 27, 2010, the Colorado Court of Appeals dismissed the appeal from the August 17, 2005, order as untimely. ECF No. 10, ex. L (*People v. Scaife*, No. 08CA0229 (Colo. Ct.

App. May 27, 2010)); ex. M (November 6, 2010, mandate).

Nothing further occurred in the trial court until March 1, 2011, when Mr. Scaife filed a motion for postconviction relief. ECF No. 10, ex. A at 19; ex. E (petition for postconviction relief pursuant to Colo. R. Crim. P. 35(c)). On March 25, 2011, the trial court denied the motion. ECF No. 10, ex. A at 19. On April 19, 2012, the Colorado Court of Appeals affirmed the denial. ECF No. 10, ex. P (*People v. Scaife*, No. 11CA0827 (Colo. Ct. App. Apr. 19, 2012)). On September 17, 2012, the Colorado Supreme Court denied certiorari review.

On September 21, 2012, Mr. Scaife filed his § 2254 application in this Court raising five claims:

> 1. The violation of his rights under the Uniform Mandatory Disposition of Detainers Act violated due process;
>
> 2. A juror's experiment during deliberations outside the presence of the other jurors violated his right to a fair trial;
>
> 3. The removal of his daughter from the courtroom violated his right to a public trial;
>
> 4. The trial court's refusal of applicant's theory of defense instruction deprived him of his right to a complete defense; and
>
> 5. Counsel was ineffective at trial and during postconviction proceedings by failing to discuss with him the denial of his first postconviction motion as untimely.

ECF No. 1 at 5, 7-8.

Respondents argue that this action is barred by the one-year limitation period in

28 U.S.C. § 2244(d).  Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Scaife's criminal case became final.  The Colorado Supreme Court denied certiorari review in Mr. Scaife's direct appeal of his criminal conviction on December 24, 2002.  Mr. Scaife did not seek a writ of certiorari from the United States Supreme Court.  As a result, his conviction became final ninety

days later, on March 24, 2003, when the time in which he could have petitioned for review in the United States Supreme Court expired. *See* Sup. Ct. R. 13(1); *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). The one-year limitations period for purposes of § 2244(d) began to run on the next day, March 25, 2003, unless Mr. Scaife filed a state postconviction motion that tolled the statute. *See United States v. Hurst*, 322 F.3d 1256, 1261-62 (10th Cir. 2003) (one-year limitations period commences the day after expiration of the time for seeking review).

The Court next must determine whether Mr. Scaife's state court postconviction motions tolled the one-year limitation period. Pursuant to § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. The issue of whether a postconviction motion is pending is a matter of federal law. *Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

As of March 25, 2003, when the one-year limitations period began to run, Mr. Scaife's postconviction motions to vacate void judgment and to vacate conviction and sentence were pending and remained pending until February 10, 2009, when the trial court determined after the Colorado Court of Appeals' remand that the order of January

11, 2008, fully litigated the postconviction claims of juror misconduct and ineffective assistance of counsel.  Mr. Scaife did not appeal from either the January 11, 2008 order or the February 10, 2009 order.  Assuming that the February 10, 2009 order was final for purposes of appeal and appealable, Mr. Scaife would have been allowed forty-five days, or until March 27, 2009, in which to appeal from the February 10, 2009 order.  *See Gibson*, 232 F.3d at 804; *see also* Colo. App. R. 4(b) (2011) (subsequently amended and adopted effective December 14, 2011, effective July 1, 2012, to allow forty-nine days for appeal).

Therefore, the limitations period began to run on March 27, 2009, and continued unabated until it expired 365 days later on March 27, 2010.  Because Mr. Scaife's motion for postconviction relief filed on March 1, 2011, was filed after the limitations period expired, it had no effect on the limitations period.  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by [the Antiterrorism and Effective Death Penalty Act (AEDPA)] will toll the statute of limitations.").

Mr. Scaife's appeal in No. 08CA0229 from the August 17, 2005 order also did not toll the limitations period because the appeal was dismissed as untimely.  The limitations period was not tolled by Mr. Scaife's untimely appeal because it was not "properly filed" under § 2244(d).  *See Hoggro v. Boone*, 150 F.3d 1223, 1227 n.5 (10th Cir. 1998) (holding that untimely appeals are not considered properly filed); *see also Jones v. Oklahoma*, 191 F. App'x 752, 754-755 (10th Cir. 2006) (an untimely state postconviction appeal is not properly filed and does not toll the one-year limitation period) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)).  As a result, the instant action was filed after the

7

one-year limitations period expired.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Generally, equitable tolling is appropriate if the applicant shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace*, 544 U.S. at 418; *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). A showing of excusable neglect is not sufficient to justify equitable tolling. *See Gibson*, 232 F.3d at 808. Furthermore, in order to demonstrate he pursued his claims diligently, the habeas corpus applicant must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978). Mr. Scaife bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Equitable tolling also may be appropriate if the applicant actually is innocent. *See Gibson*, 232 F.3d at 808. An actual innocence argument "is premised on the same fundamental miscarriage of justice exception that was discussed by the Supreme Court" in *Schlup v. Delo*, 513 U.S. 298 (1995), and *Coleman v. Thompson*, 501 U.S. 722 (1991). Therefore, in the rare and extraordinary case in which a habeas applicant can demonstrate equitable tolling is appropriate on actual innocence grounds, the applicant is not required to demonstrate he diligently pursued the actual innocence claim. *See Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010). However, to be credible, a claim of actual innocence requires an applicant "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific

evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.  The applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.  The Court emphasizes that a "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Id.* at 324.

In his reply, Mr. Scaife generally asserts that *Martínez v. Ryan*, 132 S. Ct. 1309 (2012), allows for equitable tolling based upon ineffective assistance of postconviction counsel.  Mr. Scaife's general reference to *Martínez* does not persuade the Court that equitable tolling is appropriate in this action.  The Supreme Court in *Martínez* addressed "whether ineffective assistance [of counsel] in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding." *Martínez*, 132 S. Ct. at 1315.  The Supreme Court answered that question as follows:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 1320.  However, the Supreme Court in *Martínez* did not address the one-year limitation period in § 2244(d) or the issue of equitable tolling in any context.  Therefore, although *Martínez* might be relevant if Mr. Scaife were seeking to overcome a procedural default in the context of exhaustion of state court remedies, nothing in *Martínez* demonstrates the existence of any extraordinary circumstances sufficient to justify

9

equitable tolling of the one-year limitation period.  Although Mr. Scaife appears to argue that equitable tolling is appropriate under *Martínez*, he fails to explain how *Martínez* allows for equitable tolling or is applicable to any ineffective assistance of postconviction counsel he may be attempting to allege.  Therefore, the Court finds that Mr. Scaife fails to allege facts that demonstrate equitable tolling of the one-year limitation period is appropriate in this action.

For these reasons, the Court finds that this action is barred by the one-year limitation period, and the action will be dismissed for that reason.  Because the Court has determined that the entire action is time-barred, the Court need not address Respondents' alternative arguments regarding exhaustion of state court remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Scaife files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  9th  day of    April         , 2013.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court